758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, APPELLEE,
v.
MARVIN FLOWERS, DEFENDANT-APPELLANT.
 NO. 83-1762
 United States Court of Appeals, Sixth Circuit.
 2/15/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: KENNEDY, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Marvin Flowers, appeals from a jury verdict convicting him of conspiracy to import and to deliver marijuana contending that he is entitled to a reversal (1) based upon his claim that he was denied speedy trial rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., and (2) based upon his claim of a breach of an agreement with the government which resulted in dismissal of the original indictment. For the reasons that follow, we affirm.
 
 I.
 A. FIRST INDICTMENT
 
 2
 Defendant was first indicted on or about July 1, 1981, a grand jury for the Western District of Michigan having returned a twenty-one (21) count indictment against defendant and thirty-three (33) other persons. On December 1, 1981, the defendant pled guilty to Count One of the indictment pursuant to a plea agreement. However, on February 3, 1982, the district judge presiding over the matter rejected the plea agreement and permitted the defendant to withdraw his plea of guilty.
 
 
 3
 Thereafter, on March 3, 1982, the district court entered an order of adjournment pursuant to a written stipulation signed by the defendant, his attorney, and the Assistant United States Attorney, which stipulation provides as follows:
 
 
 4
 Now comes the United States of America, Plaintiff, by and through John A. Smietanka, United States Attorney for the Western District of Michigan, and Martin F. Palus, Assistant United States Attorney, and Marvin Flowers, by and through his Attorney, Benjamin H. Logan, and stipulate and agree that the trial of this matter be adjourned in order that actions may be taken to dispose of this matter in a manner satisfactory to the parties and the Court.
 
 
 5
 The Defendant, Marvin Flowers, joins in this stipulation and hereby waives any claim he may have arising under the Speedy Trial Act.
 
 
 6
 On March 29, 1982, an order of dismissal without prejudice was entered pursuant to a further written stipulation prepared by defendant's attorney and signed by the defendant, his attorney and the Assistant United States Attorney on that same date.
 
 B. SECOND INDICTMENT
 
 7
 On June 24, 1983, a grand jury for the Western District of Michigan returned a new indictment against the defendant charging identical crimes as in the July, 1981, indictment. On August 22, 1983, motions were filed in behalf of the defendant to dismiss the indictment 'for lack of speedy trial in violation of due process therein and secondly, based upon the breach of the government by promising not to prosecute.' The trial court conducted a hearing on these motions on September 8, 1983, following which the motions were denied. Concerning pre-indictment delay, the trial judge ruled that defendant had not shown prejudice or that the delay was caused by the government to gain a tactical advantage.
 
 
 8
 The trial judge further ruled that the defendant had not shown that any plea agreement was breached and that, at best, he had shown that there was a disagreement as to what the oral agreement was and, therefore, there was no agreement to enforce. After so ruling the district judge stated to the defendant's attorney: 'This will not preclude you, Mr. Logan, if you can present satisfactory evidence as to what that plea bargain agreement was, and the Court will reconsider your motion.' From our review of the transcripts on the Court's further hearings conducted on motions on September 20, 1983, and September 27, 1983, we note that the defendant's attorney took no further action on the motion covering the plea agreement.
 
 
 9
 On September 16, 1983, defendant filed a second motion to dismiss the indictment. A hearing was conducted on this motion on September 20, 1983, before the trial commenced with the defendant arguing that the Speedy Trial Act required dismissal because more than seventy (70) nonexcludable days had elapsed since the defendant was originally arraigned in the prior case on July 15, 1981. The district court judge ruled that under the Speedy Trial Act the nonexcludable time began to run on the date the defendant withdrew his plea, viz., February 3, 1982. He further held that the waiver of any speedy trial claims made by the defendant in connection with the stipulation to adjourn the matter on March 2, 1982, excluded all the days from February 3, 1982, until the order of dismissal on March 29, 1982, in the prior case. Therefore, the district judge reasoned that the court for speedy trial computation in the second case began when defendant was rearraigned on the second indictment. The motion to dismiss for violation of the Speedy Trial Act was denied. Defendant then asked for an adjournment to file a motion and that motion was denied. The case then proceeded to trial at the end of which the defendant was found guilty of all seven (7) counts. On October 27, 1983, the district court sentenced defendant to four (4) years' imprisonment to be served concurrently with his South Carolina sentence of five (5) years and to a special parole term of five (5) years.
 
 II.
 A. SPEEDY TRIAL CLAIMS
 
 10
 We have noted that on March 2, 1982, the defendant waived 'any claim he may have arising under the Speedy Trial Act' by signing a pleading captioned Stipulation and Order for Adjournment. Such constituted a waiver of any claim defendant may have had under the Speedy Trial Act up to the time of the execution of the stipulation. 18 U.S.C. Sec. 3161(d)(1). Pursuant to that stipulation and a further Stipulation and Order for Dismissal prepared by defendant's attorney and also signed by the defendant, the case on the first indictment was dismissed without prejudice on March 29, 1982.
 
 
 11
 It is not in dispute that the purpose of the agreed adjournment and agreed subsequent dismissal without prejudice was to take action to dispose of the case. The defendant, his attorney and the government stipulated and agreed 'that the trial of this matter be adjourned in order that actions may be taken to dispose of this matter in a manner satisfactory to the parties and the Court.' Accordingly, we are of the opinion that the dismissal of the criminal charges in the first indictment was in good faith and, therefore, the time between the good faith dismissal and the filing of new charges in the second indictment (reindictment) is not to be considered on speedy trial rights under the sixth amendment. United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). With respect to the defendant's Speedy Trial Act claim, we note that the Act provides that if charges are initially dismissed and later reinstated, the period between the dismissal and the reinstatement is not to be included in computing the time within which a trial must commence. 18 U.S.C. Secs. 3161(d), 3161(h)(6).
 
 
 12
 In considering the defendant's speedy trial claim and his claim of denial of due process guaranteed by the fifth amendment, we have also applied the four factor balancing test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine the reasonableness of the delay between the dismissal of the first indictment charges and the reindictment. The four factors are: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. In the case sub judice the balance of factors under the Barker test indicates to us that the delay between the dismissal of the first case and the second indictment was reasonable. The findings of the trial judge that the defendant had not shown prejudice or that the delay was caused by the government to gain a tactical advantage are supported by the record. Therefore, defendant's due process claim under the fifth amendment must also fail. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).
 
 B. BREACH OF PLEA AGREEMENT
 
 13
 Turning to the defendant's remaining claim that the government breached its agreement not to prosecute him, we note that after conducting a hearing on the issue, the trial judge determined that the defendant had not shown that any plea agreement was breached and that, at best, he had shown there was a disagreement as to what the agreement was and, therefore, there was no agreement to enforce.
 
 
 14
 Plea agreements have been viewed as the equivalent of contracts, and it has been held that resolution of the good faith disputes over the terms of such an agreement should be made by the district court. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir. 1979). As the district judge conducted a hearing and determined there was no agreement to enforce, the government could not be held to have breached any agreement. We find that the record supports the district judge's findings as to the alleged agreement.
 
 III.
 
 15
 The judgment of the district court is AFFIRMED.